UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV 11-06389-VBF-JCG | Dated: | September 23, 2013 |

Title: *Arander M. Hughes Jr., Petitioner v. Francisco Quintana (Warden), Respondent*

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                                                    N/A
Courtroom Deputy                                         Court Reporter

ATTORNEYS PRESENT FOR PETITIONER                ATTORNEYS PRESENT FOR RESPONDENT

N/A                                                                        N/A

**PROCEEDINGS (IN CHAMBERS):**        ORDER   (1)   **Adopting the R&R as Supplemented;**
                                                           (2)   **Denying the Petition for Lack of Merit**

A jury in the U.S. District Court for the Western District of North Carolina convicted Arrander M. Hughes, Jr. ("petitioner") of three counts of robbery in violation of the Hobbs Act, two counts of bank robbery, five counts of using and carrying a firearm, and two counts of carrying an unregistered short-barreled shotgun, and he was sentenced in 1999 to 1,120 months (more than ninety years) in federal prison. On appeal, petitioner contended that the evidence presented at trial was insufficient to sustain his convictions and that the district court erred in admitting certain prior statements; the Fourth Circuit affirmed in a one-page unpublished order, 1 F. App'x 127 (4th Cir.) (per curiam), and the Supreme Court denied *certiorari*, 533 U.S. 1033 (2001). Petitioner next filed a section 2255 habeas petition in the sentencing court (W.D.N.C.),[1] claiming ineffective assistance of

---

[1] "Section 2241 petitions must be filed in the district where the petitioner is confined, while § 2255 motions must be filed in the district where the petitioner was sentenced." *Muth v. Fondren*, 676 F.3d 815, 818

counsel, and the petition was denied in 2002. In 2011, petitioner brought this action challenging his federal prison's disciplinary procedures pursuant to 28 U.S.C. § 2241. Having considered the habeas petition, the respondent's answer, the petitioner's traverse, and having received no objections to Magistrate Gandhi's well-reasoned Report and Recommendation ("R&R"), the Court will adopt the R&R in its entirety and deny the petition for lack of merit. In addition, the Court adds analysis of the prison-discipline regulations, particularly 28 C.F.R. § 541.5(a), which bolsters the Magistrate's recommendation.

ANALYSIS: PRISON-DISCIPLINE REGULATION CANNOT BE READ AS MANDATORY

The Court relies on the Report's recitation of the relevant background and procedural history. The Magistrate also correctly states the standard for the procedural due process which is due prisoners in disciplinary proceedings. As the Magistrate notes, the Constitution's requirement of procedural due process is satisfied when the prisoner is given advance written notice of the charges, provided with a written statement of the evidence on which the disciplinary board relied and the reasons for its decision, and afforded an opportunity (within reasonable limits) to present evidence and call witnesses in his defense. *See* R&R at 4 (citing *Wolff*, 418 U.S. at 563-66); *see also Superintendent.*, 472 U.S. at 454.

"The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled, Inmate Discipline and Special Housing Units. These procedures are intended to meet *or exceed* the due process requirements prescribed by the Supreme Court." *Santana v . Bledsoe*, 2013 WL 3973086, *5 (M.D. Pa. Aug. 1, 2013). The Court briefly summarizes the most salient federal prison disciplinary regulation as follows: "Section 541.5(a) provides that the "discipline process starts when staff witness or reasonably believe" that an inmate has committed a prohibited act and a staff member issues an incident report "describing the incident and the prohibited act(s)." *Marshall v. Laird*, 2013 WL 3226632, *4 with n.8 (D. Kan. June 25, 2013) (¶ breaks added). After prison staff completes the investigation, the regulations contemplate the following procedure:

> Section 541.7 provides that once the staff investigation is complete[,] a Unit Discipline Committee will review the IR. An inmate may appear before the UDC during its review, with certain exceptions, and may make a statement and present documentary evidence. 28 C.F.R. §

---

(9th Cir.) (citation omitted), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012).

MINUTES FORM 90  Initials of Deputy Clerk _____
CIVIL - GEN

541.7(d)(1). Section 541.7 also provides that after reviewing the IR, the UDC will make one of four decisions:

(1) You committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report;

(2) You did not commit the prohibited act(s) charged; or

(3) The incident report will be referred to the Discipline Hearing Officer [DHO] for further review, based on the seriousness of the prohibited act(s) charged.

(4) If you are charged with a Greatest or High severity prohibited act, or are an inmate covered by § 541.4, the UDC will automatically refer the incident report to the DHO for further review.

*Marshall*, 2013 WL 3226632 at *4. **Petitioner here seeks in effect to judicially enforce 28 C.F.R. § 541.5, entitled Discipline Process. Subsection (a), entitled Incident Report, provides as follows:**

The discipline process starts when witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing. You will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.

Significantly, this regulation "provides . . . that the report will *ordinarily* be provided within 24 hours. Inclusion of 'ordinarily' as a modifier for 'provided within 24 hours' provides a flexibility that is essential in the prison context, where investigation of suspicious activity may be required to define the scope of the activity and to identify all participants." *Branch v. Thomas*, 2012 WL 5830396, *4 (D. Or. Nov. 15, 2012). There is no U.S. Supreme Court or Ninth Circuit decision holding that the word "ordinarily" in a statute or regulation can *ever* be read as establishing a mandatory requirement. Less still is there any U.S. Supreme Court or Ninth Circuit decision holding or suggesting that the word "ordinarily" should be so read in this particular regulation.

Moreover, such a construction of the word "ordinarily" would be contrary to the venerable canon of construction that the word is merely hortatory. *See generally United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012) (""[T]he court held the word 'ordinarily' in [U.S.S.G.] Section 5D1.1 is not mandatory.") (citation omitted); *accord United States v. Cancino-Trinidad*, 710 F.3d 601, 605 (5th Cir. 2013) ("The word 'ordinarily' is hortatory, not mandatory, in this provision."). **Accordingly, a panel of our circuit has applied**

**this interpretation of "ordinarily" in the regulation regarding the 24-hour desired timeframe for providing an incident report to the prisoner.** *See Valdez v. Adler*, 518 F. App'x 563, 564 (9th Cir. 2013) ("Valdez contends that he was not provided with notice of the charges within 24 hours of when staff became aware of the incident. The regulations then in effect, however, only stated that the prisoner should 'ordinarily' be notified within 24 hours. The time frame was not mandatory.") (internal citation omitted), and both Ninth Circuit district courts and other circuits have done the same. *See, e.g., Valdez v. Benov*, 2013 WL 4500472, *4 (E.D. Cal. Aug. 22, 2013) ("[T]he BOP *endeavors* to provide inmates with written notice of a disciplinary action within 24 hours of discovery of the violation according to 28 C.F.R. § 541.11 *et seq*. . . . .") (emphasis added).[2]

ANALYSIS:  THE CONSTITUTION DOES NOT REQUIRE THE PROCEDURE AND TIMELINES ESTABLISHED BY THE PRISON-DISCIPLINE REGULATION

**Moreover, even if 28 C.F.R. § 541.5(a) did impose an unconditional obligation on prisons to provide an incident report to a prisoner within 24 hours of staff becoming aware of that prisoner's alleged involvement, it would be of no avail to petitioner because the Supreme Court and the Ninth Circuit have never held that constitutional due process requires prisons to provide the procedures and timelines set forth in this regulation.** The Third Circuit made this point well in a case where a prisoner complained that "prison officials did not present him with charges within 24 hours of the conduct in violation of 28 C.F.R. § 541.5(a)" and that "BOP officials violated 28 C.F.R. § 541.7(c), by not conducting a hearing within three days

---

2

*Accord Mendoza v. Tamez*, 451 F. App'x 715, 717 (**10th Cir.** 2011) ("[H]e claims prison officials were required to provide notice of his violation within 24 hours of discovering it. This claim . . . does not withstand a plain reading of the regulation. Regulation 541.5(a) is advisory, providing that written charges 'ordinarily' should be given within a day . . . .");

*Saenz-Lopez v. BOP*, 221 F.3d 1339 (**7th Cir.** 2000) (prison has discretion to depart from the timeframes in 28 C.F.R. for good cause); *Sulaski v. Hobart*, 2006 WL 298712, *6 (W.D. Wis. Feb. 3, 2006) (discussing 28 C.F.R. § 541.15, "Use of the word 'ordinarily' indicates that three working-day time period is not mandatory.").

*Riley v. Drew*, 2013 WL 2285941, *5 (D.S.C. May 23, 2013) (Gergel, J.) ("[T]he plain language of the provision indicates that the time limits are not mandatory and [it] has been so found by the courts.") (citing, *inter alia*, *Carr v. Lamanna*, 2007 WL 2428537 (D.S.C. Aug. 21, 2007) (Wootten, J.)).

MINUTES FORM 90                                                           Initials of Deputy Clerk _____
CIVIL - GEN

of the alleged conduct." *Wallace v. Federal Detention Ctr.*, – F. App'x –, 2013 WL 2420886, *2 (3d Cir. June 5, 2013). The Third Circuit rightly reasoned that

> even if these regulations were violated, Wallace cannot show that his right to due process was infringed, where [the Supreme Court's decision in] *Wolff does not require issuance of the charge within 24 hours of the incident or a hearing within three days of the alleged conduct . . . .* * * * *Wolff* only requires that an inmate received written notice of the charges 24 hours before a hearing, and here, Wallace was provided adequate and proper notice one week prior.

*Id.* at *2 (emphasis added). To put it another way, "BOP regulations can provide more protection than the Constitution requires, but the regulations do not raise the standard of constitutional due process." *Delgadillo v. Outlaw*, 2013 WL 1246857, *3 (E.D. Ark. Mar. 27, 2013) (citing *Goff v. Dailey*, 991 F.2d 1437, 1442 n.9 (8th Cir. 2003));[3] *see also Rosa v. Grondolsky*, 2013 WL 3491077, *7 (D. Mass. July 9, 2013) ("While the Supreme Court has held that procedural due process requires that an inmate be given at least 24 hours to prepare for his or her hearing on a disciplinary charge, *see Wolff*, 418 U.S. at 564, 94 S. Ct. at 2979, there is no *constitutional* requirement that a prisoner be given notice within 24 hours of the staff believing that a prisoner may be charged in the future with a disciplinary infraction.") (citations omitted).[4]

### PETITIONER MAY APPEAL WITHOUT OBTAINING A CERTIFICATE OF APPEALABILITY

---

[3] *Accord Robles v. English*, 2013 WL 3797594, *6 (N.D. Fla. July 19, 2013) ("Petitioner failed to show that the . . . failure to comply with time deadlines set forth in the federal regulations and BOP Program Statements entitle him to relief. * * * Even though Petitioner may have received the incident report three months after staff became aware of his involvement . . . [he] received notice of the charge and hearing at least 24 hours prior to the hearing, which is all that is required to satisfy due process concerns."); *Riley v. Drew*, 2013 WL 2285941, *5 (D.S.C. May 23, 2013) (citing, *inter alia*, *Flanagan v. Shively*, 783 F. Supp. 922, 931 (M.D. Pa. 1992) ("The Constitution does not require strict adherence to administrative regulations and guidelines.")).

[4] *Accord Lang v. Sauers*, – F. App'x –, 2013 WL 3481728, *2 (3d Cir. June 28, 2013) ("Even if this regulation was violated, Lang cannot show that his right to due process was violated at either hearing, especially where *Wolff* does not require issuance of the charge within 24 hours . . . ."); *Nerlich v. Quintana*, 2013 WL 875909, *5 (E.D. Ky. Mar. 7, 2013) (even assuming that the regulation "required delivery of an incident report within 24 hours in all instances, the Constitution does not, and thus a failure to adhere to the regulation does not create a claim of constitutional dimension").

"[A] petitioner who wishes to appeal the dismissal of a § 2255 motion must obtain a COA before doing so", *Muth*, 676 F.3d at 818 (citing 28 U.S.C. § 2253(c)(1)), but "[t]here is no such requirement for appeals involving habeas corpus petitions properly filed under § 2241." *Muth*, 676 F.3d at 818 (citing, *inter alia*, *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("[A] valid § 2241 petition, however, *must* be considered, even absent a COA.")); *see also Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").

## ORDER

The Report and Recommendation **[Doc # 13] is adopted as supplemented**.

The 28 U.S.C. § 2241 habeas corpus petition **[Doc # 1] is denied** for lack of merit.

As required by FED. R. CIV. P. 58(a)(1), final judgment will be issued as a separate document.[5]

IT IS SO ORDERED.

---

[5] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (citing, *inter alia*, *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)). *Accord In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) ("A combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.").